Gibson J.
This is an action of account render, referred to arbitrators, under the provisions of the arbitration act, of the 20th.March, 1810, in which the arbitrators have awarded, *77 that the defendant do account with the plaintiff. Several exceptions have been taken to the proceedings, but the Court think it necessary to express an opinion on only one. It is * * i * . * very far from being clear, that the action of account render, is at all within the purview of the arbitration act. The provisions of the act are in many respects so inapplicable to this form of action, that inconvenience and difficulties would inevitably arise at etfery stage of the proceedings before the arbitrators. It is true, the words of the act are very large, embracing “ all civil suits.” Yet judging from the particular provisions of the law, I have not the least doubt, the legislature had in view, those actions only, in which the judgment is for a specific thing or sum of money ; for the award, from the time of entry, is to have the effect of a judgment, and to be a lien on real estate, until it be reversed on appeal ; and if no appeal be taken within twenty days, it is made the duty of the prothonotary, on the application of the successful party, to issue an execution, or such other process, as may be necessary to carry the judgment, as it is called, into effect. It would be impossible for the prothonotary carry a judgment of quod computet into effect, by an execution or any other process ; that can only be done by the appointment of auditors by the Court. The action is not brought for money or any specific thing, but merely to compel the defendant to settle the account between him and the plaintiff; and when the plaintiff has obtained judgment, does not follow, that he will gain any thing by it; he may fact be a loser, being liable to be found in surplusage to the defendant, which would furnish the latter with a good ground of action against him. The act looks to causes, that on peal, are to be finally decided in Court; for it is provided, the appellant shall not be permitted to produce as evidence in Court, any books, papers, or documents, which he withheld from the arbitrators. Beside, the power of the arbitrators over the parties is strictly defined, and limited calling for the production of books, documents, and papers, without their being clothed with the power of compelling the defendant to appear before them, and account with plaintiff, as may be done by auditors, under the statute of Edw. 1. c. 11, or of examining the parties on oath, in certain cases, as may be done under the 4 Anne, c. 16. s. 27: fine, the provisions of the"act,.are in these and many other *78 respects, either totally inapplicable to this form of action, orso defective as to extent, as not to enable the arbitrators to do complete justice between the parties. But whether this sort of action be within the arbitration act or not, it is certain, the legislature intended the award should be final, and include every ground or controversy that might exist m the cause. The submission under the rule, is for the trial of all matters in. variance between the parties in the cause ; and the arbitrators are sworn to try all matters submitted to them. The bail given on appeal, is conditioned for recovering in the event of the suit, a sum greater, or a judgment more favourable than the report of the arbitrators. Unless, therefore, the award be such, that if unappealed from, it would make an end of the cause, it would be impossible to compare it with the final judgment on appeal, for the purpose of ascertaining which, was most favourable to the party. The judgment quod computet, is merely interlocutory. It cannot be revived by scire facias ; neithervcan a writ of error be brought on it. If the action of account were within the arbitration act at all, the arbitrators would have to perform, not only the office of a jury, in case they deemed the defendant liable to account, but also that of auditors, in settling the account; at least, as far as the limited powers conferred by the act might enable them. It follows, that the rule for opening the judgment and setting aside the award, must be made absolute.
Rule made absolute.